IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60260

_____

JULIE CARTER NEWCOMB,

                                                Plaintiff-Appellee,

versus

STARKVILLE SCHOOL DISTRICT, ET AL,

                                                Defendants,

LARRY BOX, Individually and in his capacity as
Superintendent of the Starkville School District;
ETHEL WHISLER, Individually and in her capacity as
Principal of Ward Elementary School;
JULIE JEFFERSON, Individually and in her capacity as
Principal of Ward Elementary School,

                                                Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:95-CV-378-D-D)

_____

April 9, 1998

Before POLITZ, Chief Judge, and HIGGINBOTHAM and DeMOSS, Circuit
Judges.

PER CURIAM:[*]

     Defendants have failed to persuade that they are at this
juncture entitled to be dismissed as a matter of law on the grounds
of qualified immunity.  We make no decision regarding defendants'
ultimate entitlement to qualified immunity from any liability.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rather, we leave that set of questions to the trial court for further consideration at trial.

Implicit in our decision to affirm the denial of summary judgment is a rejection of the suggestion that plaintiff may not pursue her constitutional claim of equal protection under 42 U.S. Code, Section 1983.  See <u>Southard v. Texas Board of Crim. Just.</u>, 114 F.3d 539 (5th Cir. 1997).  While plaintiff may not use Section 1983 to enforce rights secured by Title VII of the 1964 Civil Rights Act, it does not follow that conduct violative of both Title VII and the U.S. Constitution cannot both be pursued.

AFFIRMED.